

**IT IS ORDERED as set forth below:**

**Date:  August 19, 2016**

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| NANCY LOU WALKER, | : | 09-10059-WHD |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

### <u>ORDER</u>

On August 3, 2016, an *Application for Payment of Unclaimed Funds* (hereinafter the "Application") was filed in the above-captioned case by Greg Griffith of American Property Locators, Inc. (hereinafter the "Applicant"), in his capacity as attorney-in-fact for Santander Consumer USA Inc. (hereinafter "Santander").   The Application seeks payment of unclaimed funds deposited with the Clerk of the Court on September 17, 2010,

on behalf of Triad Financial Corporation.

The Application is deficient in that it fails to "clearly and unequivocally identify the entity seeking the unclaimed funds." *In re Applications for Unclaimed Funds*, 341 B.R. 65, 73 (Bankr. N.D. Ga. 2005) (Bonapfel, J.). The Application refers to "Triad Financial Corporation" as the "Claimant," and states that Triad Financial Corporation "has authorized [the Applicant] to act as attorney-in-fact." However, the documents attached to the Application show that Triad Financial Corporation no longer exists as the result of a merger with Santander. Additionally, the Limited Power of Attorney submitted with the Application shows that Santander, not Triad Financial Corporation, has granted the Applicant the authority to act on its behalf to recover these funds. Because the Application erroneously treats Triad Financial Corporation as the entity entitled to the funds, the Application must be denied. *See In re Applications for Unclaimed Funds*, 341 B.R. at 70 ("Because it is important to protect the property interests of the true owner of the unclaimed funds, it is appropriate to require exacting observance of corporate formalities and legal distinctions….").

Accordingly, it is hereby

**ORDERED** that, unless the Application is amended to correct the deficiency identified above within thirty (30) days from the date of the entry of this Order, the Application shall stand denied without prejudice as of the date of the entry of this order.

The Clerk is **DIRECTED** to serve this Order upon the Debtor, Applicant, and the

2

Chapter 13 Trustee.

**END OF DOCUMENT**